## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark Nemeskal, | : |
| | : |
| | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Leading Edge Recovery Solutions, LLC, | : |
| | : |
| | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Mark Nemeskal, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.      Plaintiff, Mark Nemeskal (hereafter "Plaintiff"), is an adult individual residing at 26 Hemenway Road, Swampscott, MA 01907, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Leading Edge Recovery Solutions, LLC (hereafter "Defendant"), is a foreign limited liability company with a principal place of business at 5440 North Cumberland Avenue, Suite 300, Chicago, Illinois 60656, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

### FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant harassed the Plaintiff by continually calling his place of residence several times a day and by making as many as seven phone calls a day, with twenty telephone calls occurring within one three day period, and four phone calls occurring in immediate succession of each other, in violation of  15 U.S.C. § 1692d(5).

10.     The Defendant used abusive and profane language when speaking to the Plaintiff on the telephone, in violation of 15 U.S.C. § 1692d(2).

11.     The Defendant repeatedly made threats to the Plaintiff of legal action the Defendant did not intend to take, by threatening to "take" his house or to obtain a lien on the house, in violation of 15 U.S.C. § 1692e(4) and e(5).

12.     On December 8, 2008, the Defendant solicited a post-dated check for December 31, 2008, from the Plaintiff, with no written notice of deposit, in violation of 15 U.S.C. § 1692f(2).

13.     The Defendant further placed telephone calls without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6), and by claiming to represent a different entity, in violation of 15 U.S.C. § 1692e(14).

14.     The Defendant failed to validate the debt as required under 15 U.S.C. § 1692g, and did not provide the Plaintiff with the amount of the debt, the original creditor of the debt, notice of the consumer's right to dispute the debt, or the right of the consumer to receive verification of the debt.

15.     Thereafter, the Defendant began contacting third parties about the debt, including the Plaintiff's next-door neighbor and brother-in-law, and disclosing that a "serious legal matter" needed to be discussed, in violation of 15 U.S.C. § 1692b(1) and b(2).

16.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendant engaged the Plaintiff in repeated telephone conversations and continually harassed the Plaintiff with abusive and profane language, in violation of 15 U.S.C. § 1692d(2) and d(5).

19.     The Defendant made threats of legal action involving attachment of a lien to the Plaintiff's home, with no intent to ever initiate any legal action, in violation of 15 U.S.C. § 1692e(4) and e(5).

20.     The Defendant did not disclose the identity of the debt collection agency at any time, and the individual debt collectors repeatedly misrepresented themselves as working for a separate entity, in violation of 15 U.S.C. § 1692d(6) and e(14).

21.     The Defendant solicited a post-dated check twelve days in advance with no written notice to deposit, in violation of 15 U.S.C. § 1692f(1).

22.     At no time did the Defendant validate the debt, and the Defendant further failed to provide Plaintiff with the amount of the debt, the original creditor of the debt, or the consumer's rights to dispute or verify the debt, in violation of 15 U.S.C. § 1692g(a)(1), g(a)(2), g(a)(3) and g(a)(4).

23.     The Defendant contacted third parties without the purpose of confirming or correcting location information, and further disclosed the communication was Plaintiff's involvement in a "serious legal matter," in violation of 15 U.S.C. § 1692b(1) and b(2).

24.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### CONTACTING THE DEBTOR WITH UNREASONABLE FREQUENCY AND THREATENING LEGAL ACTION IN VIOLATION OF M.G.L. c. 93 § 49(c)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant and its agents violated the M.G.L. c. 93 § 49(c) by calling the Plaintiff with unreasonably frequency and by threatening to take action which the Defendant does not intend or does not in the usual course of business take.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 3A and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

29.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls several times per day, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

30.     The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

31.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

33.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

   c. 93A § 3(A);

5. Actual damages from Defendant for the all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations and intentional, reckless, and/or negligent invasions of

   privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 6 , 2009

                                    Respectfully submitted,

                                    By _____

                                    Sergei Lemberg
                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (877) 795-3666
                                    Attorneys for Plaintiffs
                                    B.B.O. No. 650671